**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAKARA EL BEY,<br><br>              *Plaintiff*,<br><br>v.<br><br>MOSES JACOBS *also known as* JACOB FREIDMAN *also known as* JACOB FERFERKORN, ROSE TERRACE HOLDINGS LLC, ESSEX 37 LLC; THE SUPERIOR COURT OF NEW JERSEY ESSEX VICINAGE; ABRAHAM KINSTLINGER,<br><br>              *Defendants*. | Civil Action No. 23-3907<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

      Plaintiff Takara El Bey brings the above-captioned action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-2 ("IFP App."). For the reasons discussed below, the Court grants Plaintiff's application to proceed *in forma pauperis* but dismisses Plaintiff's Complaint, D.E. 1 ("Compl."), pursuant to 28 U.S.C. § 1915(e)(2)(B).

      Under Section 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established her inability to pay for the costs of her suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees or costs.

      When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). The Court must also ensure that the Complaint sets forth a proper basis of subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c). Critically, "[a] federal court is bound to consider its own jurisdiction preliminary to consideration of the merits." *Kaplan v. Garrison*, No. 15-1915, 2015 WL 2159827, at *2 (D.N.J. May 6, 2015) (citations omitted). If jurisdiction is lacking, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds the pleading to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

A federal court has jurisdiction in a civil case when "a federal question is presented on the face of the plaintiff's properly pleaded complaint,"[1] or when there is diversity of citizenship. 28 U.S.C. § 1332(a). A court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 if the complaint "establishes that federal law create[s] the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *ACR Energy Partners, LLC v. Polo N. Country Club, Inc.*, 143 F. Supp. 3d 198, 202 (D.N.J. 2015) (internal quotation marks and citations omitted). Here, Plaintiff alleges violations of 18 U.S.C. § 242 and indicates that the basis for the Court's jurisdiction is federal question. Compl. at 1-2; D.E. 1-1. However, 18 U.S.C. § 242 is a criminal statute that does not have private, civil right of action. And the Court's jurisdiction with respect to federal questions reaches only to "*civil* actions arising

---

[1] *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 454 (D.N.J. July 24, 2007) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 386 (1987)).

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). Further, "a private citizen cannot bring any type of criminal claim against another citizen because 'private persons do not have a judicially cognizable interest in the prosecution . . . of another.'" *Brooks v. Dardzinski*, No. 14-7474, 2016 WL 6806339, at *3 (D.N.J. Nov. 17, 2016) (quoting *Kent v. Heridia*, 478 Fed.Appx. 721, 723 (3d Cir. 2012) (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))). Thus, federal question jurisdiction does not appear to exist.

Federal district courts have diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a). For purposes of determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 517 (D.N.J. 2007) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). A plaintiff fails to meet the amount in controversy requirement only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *Id.* Here, Plaintiff seeks "compensatory damages . . . in the amount of $1,000,000.00 USD for each year that Plaintiff was homeless," and "[r]estitution from defendants in the amount of $500,000.00 for each constitutional violation." Compl. at 13. But Plaintiff fails to "show that there is complete diversity among the parties." *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). Complete diversity means that a plaintiff must be a citizen of a state different than that of each defendant. *Gay v. Unipack, Inc.*, No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011). Plaintiff indicates that Defendants are citizens of New Jersey. Compl. at 2. But the Complaint fails to forth sufficient allegations to determine whether Plaintiff is a citizen of New

Jersey or New York.[2] *See Gay*, No. 10-6221, 2011 WL 5025116, at *4 ("A plaintiff asserting federal jurisdiction must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states." (internal quotation marks and citations omitted)). Accordingly, the Complaint fails to establish diversity jurisdiction.

Federal courts are courts of limited jurisdiction, while state courts, such as the Superior Court of New Jersey, are courts of general jurisdiction. Thus, if Plaintiff does not believe that she can establish subject matter jurisdiction, she may be able to file this matter in state court. To be clear, the Court is not determining that Plaintiff has a meritorious case or that Plaintiff will prevail.[3] The Court is only informing Plaintiff of where suit may be appropriate if she is unable to establish subject-matter jurisdiction in federal court.[4]

For the foregoing reasons, and for good cause shown,

**IT IS** on this 8th day of August, 2023,

---

[2] An individual is a citizen of the state in which they are domiciled, *id.*, and "[d]omicile may be defined [] as (a) residence plus (b) intent to remain." *Coyoy v. United States*, 526 F. Supp. 3d 30, 38 (D.N.J. 2021). Plaintiff lists a P.O. Box in Brooklyn, NY as her address, Compl. at 2, while also indicating an intent to return to the address that she lived in in Newark, New Jersey, prior to her recent eviction. *See id.* at 12 ("Plaintiff is in full right to occupy her home, challenge the Superior Court of New [J]ersey Essex [V]icinage, state court decision while occupying her home [in] Newark, NJ.").

[3] To this end, it appears that Plaintiff's allegations amount to disagreement with determinations made in a matter brought in the Superior Court of New Jersey, Essex Vicinage. The proper remedy for disagreement with a judicial determination is appeal. To the extent that Plaintiff seeks review or appeal of a state court order or judgment, such claims are improper in the District Court. *Wharwood v. Wells Fargo Bank NA*, No. 20-3449, 2021 WL 4438749, at *2 (3d Cir. Sept. 28, 2021).

[4] Plaintiff filed similar claims against Abraham Kinstilinger, The Superior Court of New Jersey, and Rose Terrace Holdings, LLC on June 21, 2023, which were dismissed by another court in this District without prejudice on June 27, 2023, for lack of subject matter jurisdiction and failure to state a claim. *See Bey v. Superior Court of New Jersey*, 2023 WL 4197180 at *3 (D.N.J. June 27, 2023).

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, D.E. 1-2, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED without prejudice** for lack of subject-matter jurisdiction. The Court grants Plaintiff leave to file an amended complaint within thirty (30) days provided that she provides adequate allegations concerning this Court's subject matter jurisdiction.[5] If Plaintiff fails to file an Amended Complaint within 30 days of the entry of this Order, the Court will direct the Clerk of the Court to dismiss the Complaint without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion & Order upon Plaintiff by regular and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.

---

[5] Because Plaintiff is proceeding *pro se*, the Court again emphasizes that even if Plaintiff can adequately establish the Court's subject-matter jurisdiction, Plaintiff's claims may nevertheless not be adequately pled. As noted, if Plaintiff's claim ultimately rests on her disagreement with a state court decision, the usual remedy is to appeal that decision to the state's appellate court.